UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROBERT AZEVEDO,

        Petitioner,

v.                                    Case No. 8:07-cv-964-T-17TGW

SECRETARY, DEPARTMENT OF CORRECTIONS,

        Respondent.

_____

## ORDER

    This cause is before the Court on Petitioner Azevedo's 28 U.S.C. § 2254 petition for writ of habeas corpus. Azevedo challenges his conviction and sentence for robbery with a deadly weapon entered by the Twelfth Judicial Circuit, Sarasota County, Florida. A review of the record demonstrates that, for the following reasons, Azevedo's petition must be denied.

Background

    Azevedo was found guilty after a jury trial of robbery with a deadly weapon. On May 15, 2003, he was adjudicated guilty in accordance with the verdict and sentenced as a prison releasee reoffender to life in prison. Azevedo appealed his trial-based judgment. Following his appellate counsel's *Anders* brief concluding there was no

meritorious basis for a claim of significant reversible error, Azevedo chose not to avail himself of the opportunity to file a pro se brief. On November 5, 2004, the state district court of appeal per curiam affirmed his judgment of conviction and sentence without written decision in case no. 2D03-2654. *Azevedo v. State*, 888 So. 2d 630 (Fla. 2nd DCA 2004)[table].

Azevedo did not seek rehearing; nor did he pursue certiorari review in the United States Supreme Court. Azevedo filed a pro se motion for postconviction relief dated January 12, 2006, under Florida Rule of Criminal Procedure 3.850. By order rendered January 24, 2006, the postconviction court denied the rule 3.850 motion without a hearing. Following denial of rehearing, Azevedo appealed the summary rule 3.850 denial, and on August 23, 2006, the state district court of appeal per curiam affirmed without written decision in case no. 2D06-1630. *Azevedo v. State*, 937 So. 2d 129 (Fla. 2nd DCA 2006)[table]. The mandate issued September 13, 2006.

Azevedo filed another pro se rule 3.850 motion dated September 15, 2006. By order rendered October 12, 2006, the rule 3.850 application was dismissed as successive and an abuse of process. Azevedo appealed the dismissal, and on March 14, 2007, the state district court per curiam affirmed without written decision in case no. 2D06-4676. *Azevedo v. State*, 955 So. 2d 572 (Fla. 2nd DCA 2007)[table]. The mandate issued May 22, 2007.

Azevedo signed the present petition for writ of habeas corpus on May 31, 2007. The Petition is timely.

## The Governing Legal Principles

Because Petitioner filed his petition after April 24, 1996, this case is governed by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Penry v. Johnson*, 532 U.S. 782, 792 (2001); *Henderson v. Campbell*, 353 F.3d 880, 889-90 (11th Cir.2003). The AEDPA "establishes a more deferential standard of review of state habeas judgments," *Fugate v. Head*, 261 F.3d 1206, 1215 (11th Cir.2001), in order to "prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002); *see also Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (recognizing that the federal habeas court's evaluation of state-court rulings is highly deferential and that state-court decisions must be given the benefit of the doubt).

### A. Standard of Review Under the AEDPA

Pursuant to the AEDPA, habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The phrase "clearly established Federal law," encompasses only the holdings of the United States Supreme Court "as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

"[S]ection 2254(d)(1) provides two separate bases for reviewing state court decisions; the 'contrary to' and 'unreasonable application' clauses articulate independent considerations a federal court must consider." *Maharaj v. Secretary for Dep't. of Corr.*, 432 F.3d 1292, 1308 (11th Cir.2005), *cert. denied*, 549 U.S. 819 (2006). The meaning of the clauses was discussed by the Eleventh Circuit Court of Appeals in *Parker v. Head*, 244 F.3d 831, 835 (11th Cir.2001):

> Under the "contrary to" clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law or if the state court decides a case differently than [the United States Supreme Court] has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the United States Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

If the federal court concludes that the state court applied federal law incorrectly, habeas relief is appropriate only if that application was "objectively unreasonable." *Id.*

Finally, under § 2254(d)(2), a federal court may grant a writ of habeas corpus if the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." A determination of a factual issue made by a state court, however, shall be presumed correct, and the habeas petitioner shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. *See Parker*, 244 F.3d at 835-36; 28 U.S.C. § 2254(e)(1).

<u>Exhaustion of State Court Remedies and Procedural Default</u>

A § 2254 application cannot be granted unless a petitioner "has exhausted the remedies available in the courts of the State; . . ." 28 U.S.C. 2254(b)(1)(A); *Snowden v. Singletary*, 135 F.3d 732, 735 (11th Cir. 1998). "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). *See also, Henderson v. Campbell*, 353 F.3d at 891 ("A state prisoner seeking federal habeas relief cannot raise a federal constitutional claim in federal court unless he first properly raised the issue in the state courts.")(quoting *Judd v. Haley*, 250 F.3d 1308, 1313 (11th Cir. 2001)); *Snowden v. Singletary*, 135 F.3d at 735 ("Exhaustion of state remedies requires that the state prisoner fairly presen[t] federal claims to the state courts in order to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights") (quoting *Duncan v. Henry*, 513 U.S. 364, 365 (1995)).

Exhaustion of state court remedies generally requires a petitioner to pursue discretionary appellate review. "'[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process, including review by the state's court of last resort, even if review in that court is discretionary." *Pruitt v. Jones*, 348 F.3d 1355, 1358-59 (11th Cir. 2003)(citing *O'Sullivan*, 526 U.S. at 845). This is required even if the state Supreme Court rarely grants such petitions and usually answers only questions of broad significance. *O'Sullivan*, 526 U.S. at 845-46.

"The teeth of the exhaustion requirement comes from its handmaiden, the procedural default doctrine." *Smith v. Jones*, 256 F.3d 1135, 1138 (11th Cir. 2001). Under the procedural default doctrine, "[i]f the petitioner has failed to exhaust state remedies that are no longer available, that failure is a procedural default which will bar federal habeas relief, unless either the cause and prejudice or the fundamental miscarriage of justice exception is applicable." *Smith v. Jones*, 256 F.3d at 1138. "The doctrine of procedural default was developed as a means of ensuring that federal habeas petitioners first seek relief in accordance with established state procedures." *Henderson v. Campbell*, 353 F.3d at 891 (quoting *Judd v. Haley*, 250 F.3d at 1313).

As stated above, a procedural default will only be excused in two narrow circumstances. First, petitioner may obtain federal habeas review of a procedurally defaulted claim if he shows both "cause" for the default and actual "prejudice" resulting from the default. "Cause" ordinarily requires petitioner to demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in the state court. *Henderson v. Campbell*, 353 F.3d at 892; *Marek v. Singletary*, 62 F.3d 1295, 1302 (11th Cir. 1995). To show "'prejudice," Azevedo must show "not merely that the errors at his trial created a possibility of prejudice, but that they worked to his factual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Hollis v. Davis*, 941 F.2d 1471, 1480 (11th Cir. 1991) (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982)). Azevedo must show that there is at least a reasonable probability that the result of the proceeding would have been different. *Henderson v. Campbell*, 353 F.3d at 892.

Second, a petitioner may obtain federal habeas review of a procedurally defaulted claim, without a showing of cause or prejudice, if such review is necessary to correct a fundamental miscarriage of justice. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Henderson v. Campbell*, 353 F.3d at 892. This exception is only available "in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent." *Henderson v. Campbell*, 353 F.3d at 892. The fundamental miscarriage of justice exception concerns a petitioner's "actual" innocence rather than his "legal" innocence. *Johnson v. Alabama*, 256 F.3d 1156, 1171 (2001) (citing *Calderon v. Thompson*, 523 U.S. 538, 559 (1998)); *Murray v. Carrier*, 477 U.S. 478, 495-96 (1986) (explaining that a "fundamental miscarriage of justice" occurs "in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent"). To meet this standard, a petitioner must "show that it is more likely than not that no reasonable juror would have convicted him" of the underlying offense. *Schlup v. Delo*, 513 U.S. 298, 327 (1995). In addition, " '[t]o be credible,' a claim of actual innocence must be based on [new] reliable evidence not presented at trial." *Calderon,* 523 U.S. at 559 (quoting *Schlup*, 513 U.S. at 324) (explaining that "[g]iven the rarity of such evidence, in virtually every case, the allegation of actual innocence has been summarily rejected") (internal quotation marks omitted).

The *Schlup* Court stated that the petitioner must show constitutional error coupled with "new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented

at trial. *Schlup* 513 U.S. at 324. This fundamental miscarriage of justice exception is not available unless "the petitioner shows, as a factual matter, that he did not commit the crime of conviction." *Ward v. Cain*, 53 F. 3d 106, 108 (5th Cir. 1995) (denying certificate of probable cause)(footnote omitted).

The Supreme Court fairly recently made clear that an ineffective assistance of counsel claim being used for cause to excuse a procedural default of another claim is not itself excepted from the doctrine of procedural default." *Henderson v. Campbell*, 353 F.3d at 896. In *Edwards v. Carpenter*, 529 U.S. 446, 451- 52 (2000), a habeas petitioner argued ineffective assistance of counsel as cause for his procedural default of other constitutional claims in his § 2254 petition. But, he had never raised this ineffective assistance claim in state court, and he was now procedurally barred from raising the claim. The Supreme Court held that unless the petitioner could establish cause and prejudice to excuse his procedural default of his ineffective assistance claim, he was barred from using it as a basis for cause to excuse his procedural default of the underlying claim. *Id.* at 451-53.

### No Presumption that the State Court Ignored Its Procedural Rules

Finally, this Court cannot presume that a Florida court ignores its own procedural rules when the Court issues only a one-sentence denial of relief, which is essentially a summary dismissal. Such a ruling does not suggest that the state court resolved the issue on the federal claim presented. *See Coleman,* 501 U.S. 722, 735-36 (1991); *Kight v. Singletary*, 50 F.3d 1539, 1544-1545 (11th Cir. 1995) (applying procedural bar where state court's summary dismissal did not explain basis for ruling);

*Tower v. Phillips*, 7 F.3d 206, 209 (11th Cir. 1993) (applying bar where state court did not rule on claims presented).

## B. Standard for Ineffective Assistance of Counsel

The United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668, (1984), established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance: (1) whether counsel's performance was deficient and "fell below an objective standard of reasonableness"; and (2) whether the deficient performance prejudiced the defense. *Id.* at 687-88. In *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993), the United States Supreme Court clarified that the prejudice prong of the test does not focus solely on mere outcome determination; rather, to establish prejudice, a criminal defendant must show that counsel's deficient representation rendered the result of the trial fundamentally unfair or unreliable.

A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id.* at 689-90. "Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* at 690; *Gates v. Zant*, 863 F.2d 1492, 1497 (11th Cir.1989).

As observed by the Eleventh Circuit Court of Appeals, the test for ineffective assistance of counsel:

> has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. Courts also should at

the start presume effectiveness and should always avoid second guessing with the benefit of hindsight. Strickland encourages reviewing courts to allow lawyers broad discretion to represent their clients by pursuing their own strategy. We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir.1992) (citation omitted). Under those rules and presumptions, "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir.1994).

Discussion

Ground One

Azevedo claims that the evidence was insufficient to find him guilty of the robbery charge, resulting in a due process deprivation. This ground is procedurally barred because Azevedo did not raise at trial and on direct appeal his issue regarding the sufficiency of the state's proof as a question of federal constitutional error.

Before seeking federal habeas relief, a state prisoner, to satisfy the exhaustion requirement, 28 U.S.C. § 2254(b)(1), must "fairly present" his claim in each appropriate state court to alert that court to the claim's federal nature. *See Baldwin v. Reese*, 541 U.S. 27 (2004). By not timely raising the constitutional dimension of his claim at trial in order to preserve the claim for review and also by not raising on direct appeal a constitutional due process claim relative to the sufficiency of the evidence, Azevedo deprived the state courts of a full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process. *Boerckel,* 526 U.S. at 845.

In Azevedo's case, he did not refer to a federal guarantee nor constitutional case in seeking an acquittal at trial[1] and then did not advance constitutional error relative to the state's proof on direct appeal. As a result, Azevedo was foreclosed from bringing a substantive due process claim concerning the sufficiency-of-the-evidence claim in a rule 3.850 motion. In Florida, insufficiency-of-the-evidence claims are not cognizable in postconviction proceedings. *Jackson v. State*, 640 So. 2d 1173, 1174 (Fla. 2d DCA 1994). This Circuit has long recognized this aspect of Florida law. *Sullivan v. Wainwright*, 695 F.2d 1306, 1310 (11th Cir.)(claims that could have been or should have been preserved at trial and then raised on direct appeal and were not are procedurally barred), *cert. denied*, 464 U.S. 922 (1983); *Harmon v. Barton*, 894 F.2d 1268, 1270 (11th Cir.), *cert. denied*, 111 S.Ct. 96 (1990)(under Florida law, an issue which could have been raised on direct appeal may not be reviewed in a Rule 3.850 motion).

Azevedo has not presented valid cause in state court to overcome his procedural default under *Wainwright v. Sykes*, and any such allegation is itself barred by the two-year limits of rule 9.141(c) and the state's successive petition doctrine. *E.g., Foster v. State*, 614 So. 2d 455, 458 (Fla. 1992); *Zeigler v. State*, 632 So. 2d 48, 51 (Fla. 1993). To the extent he endeavors to raise ineffectiveness of trial counsel as cause to excuse his default, his assertions in such regard are procedurally barred.

---

[1] In Florida, to preserve an argument for appeal, it must be asserted as the legal ground for the objection, exception, or motion below. *See Archer v. State*, 613 So. 2d 446, 448 (Fla. 1993); *Steinhorst v. State*, 412 So. 2d 332, 338 (Fla. 1982). Florida Rule of Criminal Procedure 3.380 requires a motion for judgment of acquittal "fully set forth the grounds on which it is based." See Fla. R. Crim. Pro. 3.380(b).

Azevedo in his first rule 3.850 motion did not charge counsel with omission for not raising a federal due process claim. Thus, he is unable to rely on such for cause to excuse his default.

When Azevedo tried to press additional theories of proposed ineffectiveness of his trial counsel in a second rule 3.850 motion, the postconviction court rejected this application as successive and abusive. The ensuing silent affirmance rests on independent and adequate procedural grounds. *See also, e.g., Bolender v. Singletary*, 60 F.3d 727, 729 (11th Cir. 1995)(applying procedural bar based on state's successive petition doctrine).[2]   Moreover, neither in his first nor his second rule 3.850 attacks did Azevedo meet both prongs of *Strickland v. Washington*, 466 U.S. 668 (1984). *See Jackson v. Herring*, 42 F.3d 1350, 1358 (11th Cir. 1995)(in order to constitute cause sufficient to overcome procedural default, counsel's performance must be constitutionally ineffective under *Strickland*), *reh'g, denied*, 51 F.3d 1052 (11th Cir. 1995). Any [further] allegation of cause is now procedurally barred by the two-year limitation of rule 3.850, *see Whiddon v. Dugger*, 894 F.2d 1266 (11th Cir.) (recognizing and applying two-year bar of Rule 3.850), *cert. denied*, 498 U.S. 834, (1990), and the state's successive petition doctrine. *E.g., Foster v. State*, 614 So. 2d 455, 458 (Fla. 1992); *Zeigler v. State*, 632 So. 2d 48, 51 (Fla. 1993). Not showing cause, Azevedo cannot avoid his default.

---

[2] When a Florida court issues a summary denial on a claim that is procedurally barred and nothing in the disposition discusses the merits of the federal claim, the Court "cannot assume that had the [state court] explained its reasoning, it would have reached the merits of [the] claim." *Zeigler v. Crosby*, 345 F.3d 1300, 1310 (11th Cir. 2003)(citing *Kight v. Singletary*, 50 F.3d 1539, 1545 (11th Cir. 1995)( in turn citing *Tower v. Phillips*, 7 F.3d 206, 209 (11th Cir. 1993)).

Even if he could show valid cause to excuse his default, Azevedo does not allege and show actual prejudice. Nor does he meet the fundamental miscarriage of justice exception; he has no new and reliable evidence of actual innocence.

Ground one does not warrant habeas corpus relief.

Ground Two

Azevedo contends his trial counsel rendered ineffective assistance by not moving for a judgment of acquittal on grounds the State failed to prove the weapon used was a deadly weapon. In his state collateral attack, Azevedo did not fault his trial counsel for not seeking an acquittal on federal due process grounds. His claim of proposed omission was built solely on state law arguments rejected by the Florida courts. To the extent he relies upon his assertions in his second rule 3.850 motion, the assertions are procedurally barred because he did not specifically claim in his first timely rule 3.850 motion, and then on collateral appeal, his counsel was ineffective for not claiming that denial of a motion for judgment of acquittal implicated federal due process concerns.

Azevedo claims ineffective assistance of counsel, a difficult claim to sustain. "[T]he cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Waters v. Thomas*, 46 F.3d 1506, 1511 (11th Cir. 1995) (en banc) (quoting *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994)). To establish ineffective assistance of counsel, a defendant must show that counsel's performance was deficient, and counsel's performance prejudiced the defense. *Strickland*, 466 U.S. at 687. Upon AEDPA review of an adjudication on the

merits, it is not enough to convince a federal habeas court that, in its independent judgment, the state-court decision applied *Strickland* incorrectly. A petitioner must show that the state court applied *Strickland* to the facts of his case in an objectively unreasonable manner. *Bell v. Cone*, 535 U.S. 685, 699 (2002).

The petitioner's burden to prove, by a preponderance of the evidence, that counsel's performance was unreasonable is a heavy one. *See Osborne v. Terry*, 466 F.3d 1298, 1305 (11th Cir. 2006)(citing *Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000) (en banc). In order to establish deficient performance, the petitioner must show that, in light of all the circumstances, counsel's performance was outside the wide range of professional competence. The court's review of counsel's performance should focus on "not what is possible or what is prudent or appropriate, but only [on] what is constitutionally compelled." *Chandler*, 218 F.3d at 1313 (quoting *Burger v. Kemp*, 483 U.S. 776 (1987)). There are no absolute rules dictating what is reasonable performance because absolute rules would restrict the wide latitude counsel have in making tactical decisions. *See Chandler* at 1317.

Azevedo does not allege a sufficient basis to conclude his counsel overlooked a viable argument in support of a directed verdict under state law. In Azevedo's first rule 3.850 motion, he claimed a BB gun is not one of the enumerated weapons listed in Section 790.001(13), Florida Statutes. In summarily denying his ground, the postconviction court held, in relevant part:

> The defendant alleges that the crime scene technician's testimony during trial concerning the BB gun that was used by the Defendant during the crime failed to show how the weapon operated, if it was operable, and whether it could cause serious physical injury or death.

The Defendant claims counsel only moved for a judgment of acquittal on the ground that the Defendant did not use force or a threat of force, thus rendering him guilty of grand theft. The Defendant claims he was prejudiced because the issue was not preserved for appeal and if it had been granted, then he would have only been guilty of second degree robbery and he would have received a lesser sentence.

The Defendant's Motion is denied. Based upon the testimony of William Emerson and Technician Lisa Lanham, counsel's motion for a judgment of acquittal based upon the argument that the BB gun was not a "deadly weapon" would have been properly denied. (See attached Trial Tr., 185-218, 237) *See Santiago v. State*, 900 So. 2d 710, 712 (Fla. 3d DCA 2005)(holding that the issue of whether a BB gun is a deadly weapon is a jury question when the weapon is introduced at trial and jury had an opportunity to examine it to determine if it was capable of causing great bodily harm or serious injury and there is no evidence that the weapon was inoperable).

. . . .

(Resp. Ex. 7)

Whether the weapon Azevedo was alleged to have possessed qualified as a deadly weapon under applicable Florida law is solely a matter of state law. Moreover, whether the state's evidence is sufficient under Florida law to withstand a motion for judgment of acquittal is solely a state law matter. State courts are the final arbiters of state law, and federal habeas courts should not second-guess them on such matters. *See Agan v. Vaughn*, 119 F.3d 1538, 1549 (11th Cir. 1997).

In Azevedo's first rule 3.850 proceeding, the state decision resolves an underlying question of state law, namely, whether the state's evidence was sufficient to withstand a motion for judgment of acquittal under Florida law. Given the Florida courts did not upset his judgment based on Azevedo's underlying state law arguments, Azevedo is unable to show both deficiency in counsel's performance and resulting actual prejudice from counsel's foregoing such state law arguments.

His ground does not improve even if reached as one claiming counsel was remiss for not challenging the sufficiency of the state's proof of a deadly weapon on federal due process grounds. With regard to an underlying constitutional analysis, to satisfy the constitutional requirement of due process in a criminal trial, the state must prove beyond a reasonable doubt every fact that constitutes an essential element of the crime charged against the defendant. *In re Winship*, 397 U.S. 358, 364 (1970).

When reviewing the sufficiency of the evidence under the AEDPA standards, the limited inquiry is whether it is objectively reasonable to conclude the evidence presented, viewed in a light most favorable to the state, would have permitted any rational trier of fact to find the petitioner guilty of the crime charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 313 (1979); *Johnson v. Alabama*, 256 F.3d 1156, 1172 (11th Cir. 2001). On habeas review, although each element of the offense must be established beyond a reasonable doubt, *Bishop v. Kelso*, 914 F.2d 1468, 1470 (11th Cir. 1990) (citing *Jackson*, 443 U.S. at 316), the state is not required to rule out every hypothesis except that of the guilt of the defendant, *Jackson*, 443 U.S. at 326. The federal court will not reweigh the evidence. *Jackson v. Virginia*, 443 U.S. at 319. The trier of fact is responsible for fairly resolving conflicts in the testimony, weighing the evidence, and drawing reasonable inferences from basic facts to ultimate facts. *Id.* Although the facts as they exist in the record may support opposing inferences, a federal habeas corpus court must presume that the jury resolved such conflicts in favor of the prosecution and against Petitioner. *See Heath v. Jones,* 863 F.2d 815, 820 (11th Cir. 1989); *Machin v. Wainwright*, 758 F.2d 1431, 1435 (11th Cir.

1991). In other words, the federal courts must defer to the judgment of the jury in assigning credibility to the witnesses and weighing the evidence. *Heath*, 863 F.2d at 820 (citing *Jackson, supra*, 443 U.S. at 326).

Eyewitness testimony adduced at Azevedo's jury trial revealed that Azevedo, wearing a wig, during the course of the robbery came close to a Winn Dixie manager, as if to whisper something. Azevedo told him "we need to go into your office" and then lifted his shirt, displaying the butt of a gun. (Resp. Ex. 1, SR 3 T 187-188). Emerson, the store manager, said "that's all I needed to see..." (Resp. Ex. 1 SR 3 T 188). In accordance with Azevedo's demands, money was removed from a safe and placed in a bag. The manager described the weapon as looking like a real gun, and his testimony reflects he took it Azevedo had a gun, and had he not seen the gun, the victim would not have complied. (Resp. SR 3 T 212, 217) Subsequently, the BB gun found in Azevedo's truck was identified by the victim as looking like the gun used in the robbery. (Resp. Ex. 1, SR 3 T 206).

Under state law, whether a BB or pellet gun is a deadly weapon--i.e., whether it is "likely to produce death or great bodily injury" --is a factual question to be answered by the jury in each case. *Dale v. State*, 703 So. 2d 1045, 1047 (Fla. 1997). In Azevedo's case, he fails to demonstrate not one reasonably competent attorney could conclude the manner in which Azevedo displayed the gun, its accessibility to him, and his ability to cause great bodily harm with it to another individual in close proximity, supported a finding by his manner of possession, he was using it in such a way it would be likely to cause death or great bodily harm.

The ground fails scrutiny under *Strickland*'s prejudice prong. Thus, it is unnecessary o address the performance prong. Capably eschewing the unavailing state law arguments proposed by Azevedo, his counsel effectively promoted reasonable doubt on his behalf, urging, among other things there was no $CO_2$ cartridge or BBs found in the gun which was recovered and further, Azevedo did not point it at the victim. (Resp. Ex. 1 R 299) The Sixth Amendment required no more of counsel in order to be reasonably effective. Even if counsel had also challenged the state's proof on due process grounds, there was no reasonable probability of a different outcome. It is objectively reasonable to conclude, viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found beyond a reasonable doubt Azevedo by his actions threatened use of a weapon in a way likely to cause great bodily harm and thereby in the course of committing the robbery carried a deadly weapon as charged. It follows the state decision on Azevedo's ground, whether formed on a claim of state law or of constitutional error, resulted in a reasonable application of *Strickland* and a reasonable determination of the facts in light of the evidence.

Ground two does not warrant habeas corpus relief.

## Ground Three

Azevedo in his third ground proposes his trial counsel rendered ineffective assistance by not challenging what he describes as obviously biased jurors. In denying his ground, the postconviction court held, in relevant part:

> The Defendant points to jurors Patricia Burke, Arthur O'Connor and Luretta Noller and argues that counsel failed to move to strike these jurors because during jury selection they delivered equivocal responses to various questions regarding their ability to judge the case on the facts

and the law presented. Specifically, both jurors Burke and O'Connor expressed strong reservations about cases involving guns and juror Noller's daughter had worked at the Winn Dixie store that was robbed and she would have naturally been biased against the Defendant based upon her familiarity with the store and its personnel.

The Defendant's Motion is denied. Based upon the voir dire examination, the Defendant has not shown that the jurors he cites were actually biased against him. (See attached Trial Tr., 37-38, 69-70, 118-119, 17, 34, 56-57, 98-99, 111-113, 92-93, 102-103, 133-134). As the Fourth District recently stated in case involving counsel's failure to preserve his cause challenge to a juror, "to satisfy the prejudice prong of *Strickland*, a defendant must show that a juror who served on the jury 'was actually biased against him.'" *Carratelli v. State*, No. 4D94-973, 2005 Fla. App. Lewis 20013 *10 (Fla. 4th DCA December 21, 2005)(quoting *Miller v. Webb*, 385 F.3d 666, 674 (6th Cir. 2004). Further, "where reasonable people could disagree about a juror's fitness to serve, the showing of prejudice required for postconviction relief is lacking." *Carratelli* at *12.

. . . .

(Resp. Ex. 7).

Azevedo's allegations do not suffice to overcome the strong presumption counsel's decisions during voir dire fell within the wide range of reasonable professional assistance and counsel made all significant decisions regarding the subject jurors in the exercise of reasonable professional judgment. *Strickland*, 466 U.S. at 689-690. He did not plead facts which would show that not one reasonably competent attorney could take the view at the time it could not be successfully shown there was any reasonable doubt about the respective jurors' abilities to render an impartial verdict in Azevedo's case.

The claim fails scrutiny also under the prejudice prong. With respect to his underlying issue, to show a juror was biased, a defendant must show the juror had such a fixed opinion that he or she could not judge impartially. *See Patton v. Yount*,

467 U.S. 1025, 1035 (1984). Azevedo did not plead a sufficient basis in his rule 3.850 attack to conclude any of the subject jurors had a fixed opinion such that he or she could not judge impartially. Moreover, there is no indication in the state record from which to conclude the jury based its verdict on any matter other than properly adduced evidence at Azevedo's trial. In short, it is objectively reasonable to conclude there was no reasonable probability of a different outcome had counsel exercised challenges as Azevedo proposed collaterally.

Ground three does not warrant habeas corpus relief.

## Ground Four

Azevedo faults his counsel for not requesting a special jury instruction on the deadly weapon aspect of his charge. This ground is procedurally barred because Azevedo did not raise such in his first timely motion for postconviction relief and then on collateral appeal thereof. When Azevedo improperly endeavored to raise his ground in piecemeal fashion in a second rule 3.850 attack, the postconviction court denied such as successive and abusive. The ensuing silent decision rests upon independent and adequate procedural grounds barring federal review. *See Ylst v. Nunnemaker*, 501 U.S. 797 (1991); *Harmon v. Barton,* 894 F.2d 1268 (11th Cir.)(where state trial court finds procedural default, state appellate court's silent affirmance is a finding of procedural default by last state court to rule on the question), *cert. denied*, 498 U.S. 832 (1990). The state court finding of the procedural bar, a matter of state law, is conclusive. *See Agan v. Vaughn*, 119 F.3d 1538, 1549 (11th Cir. 1997) (rejecting

contention that court could make an independent review of whether state had correctly applied its procedural default law).

Azevedo did not present the Florida courts valid cause to excuse his default. Any (or further) cause allegation is foreclosed by the two-year limit of rule 3.850 and the state's successive petition doctrine. He cannot therefore meet the *Wainwright v. Sykes* test. At any rate, he does not meet the prejudice component. Azevedo also has not alleged a sufficient basis to conclude a fundamental miscarriage of justice will occur if this Court does not rule on the merits of his claim.

Ground four does not warrant habeas corpus relief.

Accordingly, the Court orders:

That Azevedo's petition is denied. The Clerk is directed to enter judgment against Azevedo and to close this case.

### CERTIFICATE OF APPEALABILITY AND
### LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to

deserve encouragement to proceed further, ' " *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on May 6, 2009.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Counsel of Record
Robert Azevedo